[No. B001808. Second Dist., Div. Two. Dec. 15, 1983.]

ROBERT H. PHILIBOSIAN, as District Attorney, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; COALITION AGAINST POLICE ABUSE et al. Real Parties in Interest.

COUNSEL

Robert H. Philibosian, District Attorney, Donald J. Kaplan and Richard W. Gerry, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Paul L. Hoffman, Joseph Lawrence and Fred Okrand for Real Parties in Interest.

OPINION

**ROTH, P. J.—** Petitioner district attorney seeks a writ of mandate, claiming that the respondent superior court erred in granting immunity to a witness in a civil action over petitioner's objection.

In the underlying action, Coalition Against Police Abuse, etc., et al. v. Board of Police Commissioners, etc., et al., plaintiff real parties in interest (plaintiffs) challenge the Los Angeles Police Department's surveillance and its related intelligence gathering program against suspect political organizations and individuals. In January 1983, it was discovered that Detective Jay Paul had maintained 180 boxes of such intelligence reports and other documents in a garage in Long Beach off Police Department property. Respondent court ordered all these documents (except those privileged as official information under Evid. Code, § 1040) to be produced to plaintiffs. Detective Paul had been extensively questioned by the Police Department Internal Affairs Division concerning his possession of these documents and plaintiffs have received the tapes and transcripts of these interviews.

In June 1983, plaintiffs deposed Detective Paul. He declined to answer relying on his privilege against self-incrimination. Plaintiffs, on October 11, 1983, moved for an order granting Detective Paul immunity against the use and derivative use of his testimony. Petitioner opposed the motion. On October 18, 1983, respondent court granted it. This petition to revoke and vacate the order followed. We grant the petition and issue the writ.

In *Daly* v. *Superior Court* (1977) 19 Cal.3d 132 [137 Cal.Rptr. 14, 560 P.2d 1193], defendants in a civil action refused to respond to discovery for fear of future prosecutions. Plaintiffs moved to extinguish the claimed privilege with a grant of immunity. The motion was denied and plaintiffs petitioned for a writ. The Supreme Court dismissed the petition and unanimously held that prosecution agencies have an interest in such grants of immunity which must be protected. The court set out a procedure by which prosecuting agencies must be notified of immunity requests to enable prosecutors to have an opportunity to object to the granting of immunity. (*Id.,* at p. 148.) In pertinent part the court said:

"To preclude the possibility of unnecessary or automatic objections, the trial court may disregard objections that are not accompanied by the declaration of the prosecuting attorney making the objection that he is familiar with the notice and has reasonable grounds to believe that the proposed grant of immunity might unduly hamper the prosecution of a criminal proceeding.

"The trial court must treat such an objection and declaration as conclusively establishing that an immunity order as described in the notice cannot be issued because it would or might unduly hamper criminal prosecution of the witness. The court cannot require the objecting prosecutor to amplify or justify the submitted declaration nor undertake to assess the nature or degree of the impact the immunity grant would have upon prosecutorial functions. To do so would improperly interfere with the prosecutor's free exercise of discretion to determine what if any criminal charges should be brought against particular individuals. [Citations.] If the litigant seeking the immunity order considers the prosecutor's objection unjustified, the litigant's remedy is to attempt to persuade the prosecutor to withdraw the objection. It may also be possible to eliminate the basis for the objection by reframing the scope of the proposed immunity order or by postponing the examination of the witness." (Italics omitted; fns. omitted.) (*Id.,* at pp. 148-149.)

Plaintiffs seek to avoid the effect of *Daly* and urge that the quoted language should be ignored as dicta. This is literally true as the prosecutor in *Daly* did not object to the proposed grant of immunity and the statements quoted above were unnecessary to its resolution. However, we feel the obiter at bench, concurred in by a unanimous court was calculated. The

dicta is a considered discussion of the significant power of a trial judge to nullify or at least circumscribe the inherent responsibility and the power vested in a prosecutor to prosecute all criminal cases. It analyzes and sets forth in significant detail the procedure which may be invoked by litigants and a trial court when faced with a problem such as the one before us. (16 Cal.Jur.3d, Courts, § 181.) It is clear to us the Supreme Court in *Daly* created a procedure with the intention that it be followed.

Plaintiffs contend the petitioner's objection at bench is groundless. However, the prosecutor's declaration that the proposed immunity might unduly hamper subsequent prosecution guards against unnecessary or automatic objections. In other words, the declaration creates a presumption that the objection is not groundless. Moreover the presumption is irrebuttable: "The trial court *must* treat such an objection and declaration as *conclusively* establishing that an immunity order . . . would or might unduly hamper criminal prosecution of the witness." (*Daly* v. *Superior Court, supra,* 19 Cal.3d 132, 148.) (Italics added.)

Plaintiffs also argue that petitioner's objection is made in bad faith. In *Daly,* the court held: "The court cannot require the objecting prosecutor to amplify or justify the submitted declaration nor undertake to assess the nature or degree of the impact the immunity grant would have upon prosecutorial functions." (*Ibid.*)

Predicated on *Daly,* we are of the opinion plaintiff's remedy is to persuade petitioner to withdraw his objection.

The petition for a writ of mandate is granted and respondent superior court is hereby directed to vacate its order granting use immunity to Detective Paul.

Compton, J., and Beach, J., concurred.

The petition of real parties in interest for a hearing by the Supreme Court was denied February 29, 1984.